IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

In re:

Robert Franklin Van Zandt,

    Debtor.

_____/

Nos. C 14-0561 CW
     14-2085 CW

Bk. Nos. 12-32655-HLB
     12-03184-HLB

ORDER AFFIRMING BANKRUPTCY COURT

    Debtor Robert Franklin Van Zandt has filed at least thirteen separate appeals challenging orders of the Bankruptcy Court. The Court previously dismissed seven of those appeals, which were appeals from interlocutory orders. See Case Nos. 13-1513; 13-1888; 13-5947; 13-5948; 13-0797; 14-1527; and 14-1528. The Court also affirmed the decisions of the Bankruptcy Court and denied the motion to withdraw the reference in four other cases. See Case Nos. 13-0702; 13-1568; 13-2765; and 13-4200. The Court now affirms two additional Bankruptcy Court orders.

## JURISDICTION AND STANDARD OF REVIEW

    The district court has jurisdiction over these appeals under 28 U.S.C. § 158(a). The bankruptcy court's conclusions of law are reviewed de novo and its findings of fact under the clearly erroneous standard. Fed. R. Bankr. 8013; In re Wegner, 839 F.2d 533, 536 (9th Cir. 1988).

## BACKGROUND

    Much of the relevant procedural and factual history of Debtor's bankruptcy proceedings and the related state court

proceedings are detailed in the Court's previous orders, particularly the Court's January 27, 2014 order affirming decisions of the Bankruptcy Court and denying the motion to withdraw the reference filed in case numbers 13-0702, 13-1568, 13-2765 and 13-4200.

At issue in these appeals is an adversary proceeding initiated by Debtor against the Chief Justice of the California Supreme Court, Tani Cantil-Sakauye, the Presiding Judge of the San Francisco Superior Court, Cynthia Ming-Mei Lee, and "Jennifer, Court Clerk of the Probate Division of the superior Court of California" (the Judicial Defendants) and William Parisi, a creditor in Debtor's bankruptcy proceeding.  In the complaint, Debtor alleged that the "California Vexatious Litigant Statutes have been misapplied against debtor as a <u>successful defendant in an appellate case</u> that he won," resulting in a "false" prefiling order.  Bankruptcy Court Case No 12-3241, Docket No. 1 (emphasis in original).  The prefiling order referred to in the complaint was entered by the California Court of Appeal before Debtor filed his voluntary bankruptcy petition.  The only remedy Debtor sought in the adversary action was an injunction preventing the enforcement of the prefiling order and requiring the dismissal of the pending state court action and other adversary proceedings brought against him in the Bankruptcy Court.  Debtor appeals the Bankruptcy Court's order granting Judicial Defendants' motion to dismiss the adversary proceeding with prejudice and the Bankruptcy Court's order granting Parisi's motion for sanctions.

2

DISCUSSION

I.  Order Granting Motion to Dismiss

Debtor first appeals the Bankruptcy Court's order granting Judicial Defendants' motion to dismiss. Debtor argues that the Bankruptcy Court erred when it found that he failed to state any legal theory under which relief could be granted. Specifically, the Bankruptcy Court stated that "the Court can think of no legal theory which would entitle it to vacate a pre-petition state court pre-filing order, or to order the dismissal of separate and distinct legal proceedings." NDCA Bankrupcty Court Case No. 13-3241, Docket No. 33 at ¶ 17. Moreover, the Bankruptcy Court noted that "there are several legal theories, such as the Rooker-Feldman doctrine cited by Defendants, which expressly prohibit the very relief requested." Id. Nothing Debtor cites in his complaint, his opposition to the motion to dismiss in the Bankruptcy Court, or his brief on appeal provides authority for the Bankruptcy Court to vacate a pre-petition state court pre-filing order. Moreover, Debtor's substantive challenge to the pre-filing order appears to have no basis in law. Accordingly, the Bankruptcy Court's order is affirmed.

II. Sanctions Order

Debtor next appeals the Bankruptcy Court's order granting Parisi's motion for sanctions. Debtor argues that the order imposing sanctions is void because Parisi filed the motion after Debtor filed his notice of appeal with respect to the order granting the motion to dismiss. While the filing of a timely notice of appeal generally has the effect of transferring jurisdiction from the bankruptcy court to the district court with

3

respect to any matters involved in the appeal, Trulis v. Barton, 107 F.3d 685, 694-95 (9th Cir. 1995) (internal citations omitted), the filing of an appeal does not divest the lower court of authority to impose sanctions after the filing of a notice of appeal from a decision on the merits. In re Mirzai, 236 B.R. 8, 10 (B.A.P. 9th Cir. 1999). Accordingly, the Court affirms the Bankruptcy Court's order.

## CONCLUSION

For the foregoing reasons, the Court AFFIRMS the Bankruptcy Court's orders. The Clerk of the Court shall close the cases.

IT IS SO ORDERED.

Dated:  October 10, 2014

_____
CLAUDIA WILKEN
United States District Judge